WATSON *v.* THE RICHMOND & DANVILLE RAILROAD CO.

1. It is competent for the General Assembly to make the residence of a lessee corporation, for the purposes of suit, the same as that which the lessor corporation had when the relation of lessor and lessee originated. By section 3407 of the code, the lessee, or person or corporation having possession of a railroad, is liable to suit in the same court or jurisdiction as was the lessor or owner before the lease. A declaration which names the defendant corporation as lessee of a specified railroad, and which indicates that the defendant is in possession and operating the road, is to be construed as seeking to charge the defendant in its character as lessee, though no lease be set out or expressly alleged.

2. As the statute virtually makes the county of the principal office or place of business of the lessor before the lease the county of the principal office or place of business of the lessee, a declaration against the lessee alleging that its principal office within this State is in the county where the suit is brought, shows jurisdiction over the person of the lessee though the latter be a foreign corporation.

3. The lessee of a line of railroad partly within this State and partly within the State of Alabama is subject to suit here by an employee for a personal injury sustained in Alabama whilst engaged in his duties as an employee upon the line.

November 9, 1892.

Before Judge WESTMORELAND. City court of Atlanta. December term, 1891.

REID & STEWART, for plaintiff.

JACKSON & JACKSON, for defendant.

BLECKLEY, Chief Justice.

1. By the constitution, the county in which a defendant is subject to be sued is ordinarily that in which he resides, and no other. Code, §5172. But a person may be a resident of two or more counties at the same time. Code, §1691. Where a railroad is not confined to one county, but extends from one to others so as to be partly in several, the owner may, relatively to causes of action arising out of or connected with operating it, be treated by the legislature as residing in each of the several counties in which the road is located. This has been done to a limited extent by certain provisions of the code. §§712, 3406. Where the owner is a domestic corporation, the general rule of law that it resides, also, where its principal office or place of business is situated, still prevails. The corporation has this common law residence for general purposes, in conjunction with the superadded statutory residences for special purposes, which the code ascribes to it. By making it a resident of each and every county in which the road is located, for the purpose of certain specified suits brought against it, the code does not make it cease to be a resident of the county in which its principal office or place of business is located, for all purposes whatsoever, including the same classes of suits which, by reason of the special enactment, may be brought against it elsewhere. The qualified residences do not absorb or obliterate the unqualified one, either wholly or partially; they merely supplement, without otherwise affecting it. In this State, there is certainly legislative competency to establish this composite system of residence for all railroad corporations which the General Assembly has chartered. It follows obviously that there is like competency to make the residence of a lessee corporation, for the purposes of suit, the same as that which the lessor corporation had when the relation of lessor and

lessee originated. This has been done by the act of
April 17th, 1863 (Acts of 1862-3, p. 161; Code, §3407),
which declares that "the lessees of any railroad, or the
person or persons, or company having possession of the
same, shall be liable to suit of any kind in the same
court or jurisdiction as the lessors or owners of the rail-
road were before the lease."

We are now to inquire, first, whether the declaration
in the present case shows on its face that the suit is
against a lessee corporation. No lease is set out or ex-
pressly alleged, but the defendant is thus described:
"The Richmond and Danville Railroad Company, les-
sees of the Georgia Pacific Railway Company, a corpo-
ration existing by law." Besides this, the general tenor
of the declaration indicates that the defendant is in
possession of the Georgia Pacific railway and engaged
in operating the same. These data are certainly too
meagre to amount to good pleading, but as against a
mere motion to dismiss the action, we think the declara-
tion can and should be construed as seeking to charge
the defendant in its character as lessee from the Georgia
Pacific Railway Company. We can discern what the
pleader intended, though with that perverse and un-
accountable repugnance to full and accurate expression
which seems to prevail widely at the Georgia bar, he
has only vaguely suggested, rather than plainly declared,
what was in his mind. Why counsel should be so re-
luctant to frame their pleadings carefully and correctly,
is to us an impenetrable mystery.

2. We are to inquire, secondly, whether the declara-
tion shows on its face, either expressly or by fair infer-
ence, that the principal office or place of business of the
Georgia Pacific Railway Company was, before the lease,
in Fulton county. If the courts of that county then
had jurisdiction of that company, the lessor, they now,
by virtue of the statute, have jurisdiction of the Rich-

mond and Danville Railroad Company, the lessee. The city court of Atlanta, in which the action was brought, is one of the courts of Fulton county at large, its jurisdiction extending over all residents of the county and not being confined to residents of the city. The declaration describes the defendant as "having an office and agent and doing business in said State and county," and by an amendment it adds that said defendant corporation had at the time of the filing of said suit its principal office in said State, in said county." In the usual manner, the declaration opens with the State and county, thus: "State of Georgia, Fulton county." It is quite silent as to any office or place of business of the Georgia Pacific Railway Company before the lease or at any other time; but that the principal office of that company was, before the lease, in Fulton county, is sufficiently apparent from the allegation that "said defendant corporation had, at the time of the filing of said suit, its principal office in said State, in said county." The statute which we have quoted virtually makes the county of the principal office of the lessor corporation before the lease the county of the principal office of the lessee after the lease. Consequently, when either the one or the other is ascertained, both are known, for they are one and the same. Can a corporation, the lessee of a railroad, admit that it is sued in the county in which its own principal office within this State is located, and yet contend that the proper court, or one of the proper courts, of that county has no jurisdiction over it? We should say it is subject to suit in that county, *prima facie* so at least, whether it be a domestic or a foreign corporation. If, as lessee, it could locate its principal office elsewhere than in the county in which the lessor's principal office was located before the lease, there is certainly no presumption that it has so done. Any principal office which it has beyond this State counts for nothing, since

v 91-15

under the scheme and policy of our law, if it exercises franchises granted by Georgia, it is subject to suit here the same as the corporation to which the franchises were granted would be if no lease had been made. In fact, the Richmond and Danville Railroad Company is a foreign corporation, but this makes no difference in the present case.

3. The declaration is in many respects lamentably meagre and deficient. It does not even allege that the Georgia Pacific Railway is located partly in Georgia and partly in Alabama; but that this is so is matter of common knowledge and general public information. We can therefore notice the fact judicially. The plaintiff was injured whilst engaged in the performance of his duties as an employee of the defendant, he being a brakeman upon a freight-train run on the line of the leased road. The injury took place in Alabama, and for that reason it is contended that the defendant, a foreign corporation, is not subject to suit here by an action *in personam.* The case of *Bawknight* v. *Insurance Co.,* 55 *Ga.* 194, is relied upon in support of this contention. We distinguish this case from that by the fact that operating the line of road in both States was not carrying on a separate and disconnected business in each State, but the very contrary. It is fairly probable that by one and the same contract the plaintiff was employed to perform services in both States upon each trip which his duties required him to make. At all events, it does not affirmatively appear, either by express averment or by the nature of the business, that there was any separate outfit or agency for the work of running trains in Alabama, or if there was, that the superintendence of these operations did not belong to officers or agents located in Georgia. It seems to us manifest that the lessee of a continuous line of railway is liable to suit by an employee for an injury sustained by him anywhere on the

line whilst engaged in his duties, and that the suit may be brought at the general residence of the lessee corporation in this State in all such cases, without respect to whether the scene of the injury was within the State or beyond its limits.

The court erred in dismissing the action, on motion, for the want of jurisdiction.     · *Judgment reversed.*