SAVANNAH, FLORIDA & WESTERN RWY. CO. v. ATKINSON.

1. A petition cast in the form of a bill in equity and addressed to the judge of the superior court by name, and also to the superior court of the county, is amendable by expunging from the address everything but to the superior court of the county, and by striking out the word "orator" wherever it occurs, and inserting the word "petitioner," and by changing the prayer for *subpœna* to a prayer for process.

2. The absence of process is immaterial where the defendants have appeared and demurred generally to the merits of the petition. After the hearing and overruling of such demurrer, it is too late to move to dismiss the action for the want of process or service.

3. As to the cases provided for by section 3406 of the code, the residence of a railroad corporation is, for the purposes of suit against it, whether the cause of action be legal or equitable or partly one and partly the other, no less in the various counties in which its line of railroad is located than in the county in which it keeps its principal office or place of business, and it acquires this breadth of residence so soon as its line is permanently defined and the work of construction commenced; nor is its residence in any given county, after being once acquired, lost by abandoning work in that county, or even abandoning the whole enterprise and suspending operations throughout the entire line.

4. Where the consideration of a deed conveying a right of way to a railroad company was, as expressed in the deed itself, the benefits which were expected to accrue to the landowner from the construction of the contemplated railroad, and there was an express promise on the part of the company to construct the road, by virtue of which promise the conveyance was procured, and also a parol license to cut cross-ties induced, a breach of the contract by failing to construct the road, abandoning work upon it and selling out to a rival company with intent that the whole enterprise should be suppressed and forever abandoned, constitutes a cause of action in behalf of the landowner, to the extent at least of having decreed a cancellation of the conveyance and of having awarded to him compensation for any damage done to the land by severing timber and cross-ties therefrom, and digging up the soil, or by other means, whilst the work of construction was in progress; and inasmuch as the alleged purchase made by the second company of the first would render the second company interested in any decree of cancellation which could be made, this company is a proper party defendant to the action, and under the act of 1885 may rightly be made a party out of the county of its

residence, the suit being appropriately located with reference to jurisdiction over the other company.

October 22, 1894.

Equitable petition. Before Judge SWEAT. Camden superior court. March term, 1894.

GOODYEAR & KAY, ERWIN, DUBIGNON & CHISHOLM and W. L. CLAY, for plaintiff in error.

SAMUEL C. ATKINSON and SPENCER R. ATKINSON, *contra.*

SIMMONS, Justice.

1, 2. The act approved October 24th, 1887, requires that "all civil suits begun in a superior court of this State, founded on a legal or equitable cause of action, for a legal or equitable remedy or both, shall be commenced by a petition addressed to said court," and that "the form of process to the petition referred to above shall be that at present required in actions at law." (Acts 1887, p. 64.) A year after the adoption of this act, a bill was filed in the old form of equity pleading, addressed to the judge of the superior court by name, and also to the superior court of the county, and praying for *subpœna* instead of process. The defendants demurred generally on the ground that no cause of action was set forth; and upon the special ground, among others, that the plaintiff in bringing this bill had failed to comply with the act above referred to, that the bill was not properly addressed and that no process was issued thereon. The plaintiff thereupon moved to amend by striking out the address of the judge, and by striking out the word "orator" and inserting "petitioner," and by changing the prayer for *subpœna* to a prayer for process; also to amend the process, which was addressed to the defendant, by adding an address to the sheriff of the county or his lawful deputy. These amendments were allowed, over the objection of the defendants. The defendants then moved to dismiss the cause for want of proper service, and this motion was overruled.

Under our code and the practice prevailing in this State, the court did not err in allowing the plaintiff to amend by striking out the address of the judge, and by striking out the word "orator" and inserting "petitioner" in lieu thereof, and by changing the prayer for *subpœna* to a prayer for process. That this kind of amendment could be made was decided in the case of *DeLacy* v. *Hurst*, 83 *Ga.* 223. So far as the want of process is concerned, the proper mode of taking advantage of such a defect was by a motion to dismiss, and not a demurrer; and after the defendants had appeared and demurred generally to the petition as presenting no cause of action, and the demurrer had been overruled, it was too late to move to dismiss the action for want of process or service. To demur generally to a petition as presenting no cause of action, is to plead to the merits. *Lyons* v. *Planters Bank*, 86 *Ga.* 485.

3. The petition was filed in the county of Camden against the East Georgia & Florida Railroad Company and the Savannah, Florida & Western Railway Company. It appears from the allegations in the petition, that the former of these companies, having obtained a charter authorizing it to build a railroad in the county of Camden, commenced work upon its line of road therein, cleared its right of way, made excavations, cut cross-ties, and established agencies in the county; and that while the work was in progress, the contract upon which the suit is founded was entered into between the company and the plaintiff, to be performed in that county. One of the grounds upon which the defendants demurred to the petition was, that it showed upon its face that the jurisdiction thereof was in Chatham county and not in Camden county, the principal office and place of business of the defendants being in the former county. It was contended, that this being an equitable proceeding, the constitution (Code, §5169) re-

quired that it should be brought in the county in which the defendants resided; and that the defendants resided where their principal office or place of business was located.   Under our code, all railroad companies are residents, for purposes of suit against them, in every county through which the road runs, whether the cause of action be legal or equitable, or partly the one and partly the other.   (§3406); *Watson* v. *Railroad Co.*, 91 *Ga.* 222.   Such corporations are creatures of the State, and the constitutional provision above referred to does not preclude the legislature from fixing their place of residence in this manner.   Another paragraph of the constitution (Code, §5172) declares, that "all other civil cases shall be tried in the county where the defendant resides"; yet this court has held uniformly since the passage of the act of 1855, embodied in section 3406, *supra*, that a railroad company may be sued, under this act, in a different county from that in which its principal office is located, without violating that provision of the constitution.   We see no reason why this cannot be done where equitable principles are involved, as well as in other cases.   As soon as the East Georgia & Florida Railroad Company located its line in the county of Camden and commenced the work of construction there, it acquired a residence in that county, and could be sued there for causes of action arising or on contracts to be performed therein; and such residence, after being once acquired, could not be lost by abandoning the work in that county, or even abandoning the whole enterprise and suspending operations throughout the entire line.

4. It appears from the allegations in the petition, that the plaintiff made a deed conveying a right of way to the East Georgia & Florida Railroad Company, the consideration of which, as expressed in the deed itself, was the benefits which were expected to accrue to the grantor from the construction of the contemplated rail-

road; and there was an express promise on the part of the company to construct the road, by virtue of which promise the conveyance was procured. By reason of this promise he was also induced to grant a parol license to cut cross-ties upon his land. It was alleged, that after the conveyance was made, the company entered upon the land, cleared off the right of way, dug ditches, threw up embankments and prepared its road-bed, and cut cross-ties, but afterwards abandoned the work and sold out to the Savannah, Florida & Western Railway Company, a rival company, with intent that the whole enterprise should be suppressed and forever abandoned. Under this state of facts we think the plaintiff had a cause of action, to the extent at least of having a decree cancelling the conveyance, and of having awarded to him compensation for any damage done to the land by severing timber and cross-ties therefrom, and digging up the soil, whilst the work of construction was in progress. The consideration of the conveyance being the benefit which the plaintiff expected to receive from the construction of the railroad, it would be unjust to him to allow the railroad company to enter upon his land and damage it as alleged in the petition, and then abandon the construction of the road and sell the property, with the purpose alleged, without allowing him compensation for the damage sustained by him; and it would also be unjust to him to allow the company to retain title after it had failed to comply with its promise to build the road and the consideration of the conveyance had failed. These allegations gave the superior court of Camden county jurisdiction to cancel the deed and award compensation for the damage; and inasmuch as the alleged purchase of the right of way from the East Georgia & Florida Railroad Company by the Savannah, Florida & Western Railway Company would render the latter company in-

terested in any decree of cancellation which could be made, that company is a proper party defendant to the action; and under the act of Oct. 16, 1885 (Acts 1885, p. 36), could rightly be made a party out of the county of its residence.　　　*Judgment affirmed.*