## PEACOCK v. COLLINS.

LUMPKIN, P. J. 1. The domicile of a man having a family is, under section 1824 of the Civil Code, the place where his family "shall permanently reside, if in this State," the word "permanently" being here used in contradistinction from the word "temporarily."

2. It follows that the mere removal by a married man of his wife and children to a city not within the county of his residence, and the occupancy by the family of a rented house in such city, did not effect a change of his domicile, when it affirmatively appeared that his sole purpose in making such removal was to send his children to school for a limited period, that he kept the home from which he had thus temporarily removed his family furnished and spent much of his own time therein, that he continued to discharge the duties of citizenship incident to residence by him in the county wherein that home was located, and that there was at no time any intention on his part to provide, either for himself or his family, a fixed place of abode in the city referred to, or that he or any of them should permanently reside there.

3. The evidence in this case did not warrant the jury in finding against the defendant's plea to the jurisdiction, and the court erred in refusing to grant him a new trial.

*Judgment reversed. All the Justices concurring.*

Argued November 7.—Decided December 1, 1899.

Complaint. Before D. L. Henderson, judge pro hac vice. Dooly superior court. February term, 1899.

*J. H. Martin,* for plaintiff in error.
*Thomson & Whipple,* contra.

---

## JOHNSON v. GRANTHAM.

COBB, J. 1. Under the rulings made in the cases of *Hightower* v. *George*, 102 *Ga.* 549, and *Malsby* v. *Young*, 104 *Ga.* 205, there was no error in refusing to dismiss the motion for a new trial.

2. Applying the law laid down in section 5585 of the Civil Code to the facts appearing in the record, the judgment granting a first new trial will not be disturbed. *Weinkle* v. *Brunswick & W. R. Co.*, 107 *Ga.* 367. *Judgment affirmed. All the Justices concurring.*

Argued November 4,— Decided December 2, 1899.

Equitable petition. Before Judge Littlejohn. Sumter superior court. November term, 1898.

*Cutts & Lawson,* for plaintiff in error.
*J. L. Bankston* and *Thomson & Whipple,* contra.