## ETOWAH MILLING COMPANY *v.* CRENSHAW.

1. A corporation of this State is not subject to a suit for equitable relief by injunction in a county other than that fixed by its charter as the county of its. principal office ; and this is true·although the suit embraces also a claim for past damages.
2. A plaintiff who proceeds against a defendant as a corporation is estopped to· deny its corporate existence, and is bound by the terms of the charter as to· the principal office of the corporation.

Argued October 13, — Decided October 29, 1902.

Injunction. Before Judge Fite. Bartow superior court. August 20, 1902.

*C. D. Maddox, J. M. Neel*, and *J. F. Norris*, for plaintiff in error. *John W. & Paul F. Akin*, contra.

ADAMS, J. The bill of exceptions in this case was filed by the plaintiff in error to the grant of a temporary injunction. This injunction was allowed in a suit brought in Bartow superior court by the defendant in error against the plaintiff in error, one of the chief, if not the chief, purposes of which was to permanently enjoin the defendant in the court below from obstructing the flow of water in the stream mentioned in the petition, from raising a dam across this stream, and from interfering with the status of the dam to the injury of the defendant in error. The declaration also claimed damages for past injuries. It appeared from the charter of the milling company, which was put in evidence, that the defendant was chartered by the superior court of Bartow county, and this charter located the principal office of the company in Fulton county. One of the contentions urged by counsel for the milling company in the court below, and before this court, was that the superior court of Bartow county was without jurisdiction to grant relief by injunction. In addition to the fact that the charter fixed the domicile of the corporation in Fulton county, it appeared from the uncontradicted evidence that its books are kept in that county, its financial business transacted there, and that its supplies, purchases, and sales are made at the principal office in Fulton.

1. Assuming that, notwithstanding the constitutional provision that " equity cases shall be tried in the county where a defendant resides against whom some substantial relief is prayed," the legislature may pass a law providing that a corporation may be proceeded against for an injunction or other equitable relief in a county other than that fixed by its charter as its domicile, we do not think that the legislature has undertaken to do so as to a corporation like the plaintiff in error, so far as this character of relief is concerned. An act claimed to have this effect should, because of this constitutional principle and the policy embodied therein, be construed strictly, and not extended beyond the requirements of its terms. In the case of *Watson* v. *Railroad Co.*, 91 *Ga.* 223, this court, through Chief Justice Bleckley, in dealing with the question as to the residence of a railroad company, says: " Where the owner is a domestic corporation, the general rule of law that it resides, also, where its principal office or place of business is situated, still prevails. The corporation has this common-law residence for general purposes, in conjunction with the superadded statutory residences for special

purposes, which the code ascribes to it." The general rule still is, that domestic corporations must be sued in the county where the principal office is located by the charter. In the case of *Dade Coal Co.* v. *Haslett,* 83 *Ga.* 550, where the corporation involved was chartered by an act of the legislature which did not locate the corporation in any particular county, it was held that where it established its office in Atlanta for the purpose of electing its officers and conducting its financial operations, the jurisdiction was in the proper court of Fulton county. It was there recognized that if the legislature had undertaken to locate the company in any particular county, that would have controlled. In the absence of such legislation the ruling just noticed was made.

If the constitutional provision referred to were all the law on the subject, then, obviously, equitable relief could have been obtained against this plaintiff in error only in Fulton county. Has the legislature undertaken to fix the residence of a corporation like this in the county where the cause of action arose, or where its mill was located, for the purposes of equitable relief? As we understand the distinguished counsel for the defendant in error, they contend that this provision has been made by the act approved October 16, 1885 (Acts 1884–5, p. 99), entitled "An act to define where corporations, mining or joint stock companies may be sued; and to define how service of the suit may be effected." Civil Code, § 1900. The part germane to their contention reads as follows: "Suits *for damages,* because of torts, wrong or injury done, may be brought in the county where the cause of action originated." It will be noticed that the law does not say "suits *because of* torts, wrongs or injury done," but in terms confines these suits to those for damages. The title of an act may always be considered as one of the aids to its construction, and we are not unmindful of the argument based upon the broadness of this title. But it can not control the plain meaning of the body of the act, or eliminate words that are material and which we must presume were incorporated in the legislation designedly. As said by Chief Justice Marshall in United States *v.* Palmer, 3 Wheat. 631: "The title of an act can not control its words, but may furnish some aid in showing what was in the mind of the legislature." The maxim, "Verba debent intelligi cum effectu," contains a principle of much importance in the construction of statutes. *Whitaker* v. *Strong,* 16 *Ga.* 85-6.

We know of no rule of interpretation which would justify us in disregarding the words italicised, "for damages." They are restrictive and important. We repeat in this connection that in the light of the constitutional provision which requires that "Equity cases shall be tried in the county where a defendant resides against whom some substantial relief is prayed," this legislation, giving to the legislature the broad liberty assumed in its validity, ought to be strictly construed, and not extended beyond its terms. Even, however, a liberal construction would not justify us in striking from the body of the law material and significant words.

The principle, however, is invoked, embodied in the Civil Code, § 3925 (although this section is not referred to), which provides that "Equity seeks always to do complete justice, and hence, having the parties before it rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." Reference is made to the case of *Powell* v. *Cheshire*, 70 *Ga.* 360. But neither the principle recognized by our code, nor this decision, can help the contention of the defendant in error. The case cited holds that "A bill in equity, to enjoin a trespass upon realty by felling timber, is not such a suit respecting the title to land as must be brought in the county where the land lies. The proper venue of such a case is the county of the residence of a defendant against whom substantial relief is prayed." The argument for the defendant in error seems to be that as the jurisdiction is complete, under the Civil Code, § 1900, in Bartow superior court as to the action for damages, the court, having this jurisdiction, will give as incidental relief protection against future torts, through the process of injunction. The power, however (even if the relief by injunction could be called incidental relief in this case), referred to by the code and the decisions, is the power of a court of equity, and not that of a court of common law; and the question here is, which is the proper court for equitable jurisdiction, the superior court of Bartow county or the superior court of Fulton county? The proviso in section 3925 of the Civil Code is significant. It is a proviso that would obtain even in a court of equity. A fortiori would it apply to a court of common law. The decisions of this court are inconsistent with the position that because the superior court of Bartow county may have jurisdiction to award damages, it can also give equitable re-

lief. The case of *Vizard* v. *Moody*, 115 *Ga.* 491, is directly in point. In that case it is held that "while a petition which seeks to recover possession of land and mesne profits on a legal title must, under the constitution of this State, be instituted in the superior court of the county where the land lies, yet a court of the county where the land lies, as to a person who is a resident of another county in this State, has no jurisdiction to grant equitable relief, such as injunction and the appointment of a receiver, although the petition under which the land is sought to be recovered contains prayers for such equitable interposition." In the opinion, delivered by Mr. Justice Little, other decisions of this court are cited to the same effect. In one of them, *Johnson* v. *Griffin*, 80 *Ga.* 551, this court held that "The plaintiff in an action of ejectment can not engraft upon the declaration an amendment in the nature of a bill in equity, praying that one of the defendants be decreed to perform specifically a parol agreement for a gift of the premises is dispute, without alleging that such defendant is a resident of the county in which the suit is pending, or a non-resident of the State." We conclude, therefore, that the superior court of Bartow county had no jurisdiction to grant the equitable relief secured in this case, and that therefore the grant of a temporary injunction was erroneous.

2. It is contended by the defendant in error that the plaintiff in error is estopped to deny its residence in Bartow county, because it applied for and obtained its charter from the superior court of that county, submitted itself to that court, and therefore established its residence in Bartow county; and it is claimed that the superior court of Bartow county only had jurisdiction to grant its charter in the event that its principal office was to be located in that county. The Civil Code, § 2350, provides that the superior courts of this State shall have the power to create the corporations therein named, by compliance with the terms of that section, paragraph 1 of which provides that "The persons desiring the charter shall file in the office of the clerk of the superior court of the county in which they desire to transact business, a petition or declaration," etc. The petition for incorporation of the plaintiff in error in the present case is not in the record, but it would be presumed, should the fact be a material one to the jurisdiction, that it stated that the company desired to do business in Bartow county as well as in Fulton county. It is not necessary to adjudicate in

this case whether the superior court of any county in which it appears that a corporation proposes to do business can grant a charter, or whether this right is confined to the county in which the principal office is to be located. In the recent case of *McCandless v. Inland Acid Co.*, 115 *Ga.* 968, this court held that "A charter granted by a superior court upon a petition alleging that the principal office of the company was to be located in the county in which the petition was filed was a valid charter, notwithstanding the corporation owned no property in that county and the work in which it was to be engaged was to be carried on in another county." This decision is not inconsistent with the position that the superior court of the county in which the principal office is to be located is not the *only* court which can grant a charter. The reasoning of Mr. Justice Cobb, who delivered the opinion in that case, suggests arguendo that the only court which had the right was that of the county where the principal office was to be located. This, however, was not involved in the adjudication, and nothing therein said constitutes an authoritative ruling on this subject. However this may be, the principle announced in the second headnote controls this branch of the case. The defendant in error proceeded against the plaintiff in error as a corporation, alleging in the first paragraph of his petition that "the said Etowah Milling Company is a corporation created under the laws of Georgia, and has an office and is transacting business in said [Bartow] county." He is estopped, therefore, to deny its corporate existence, or the terms of the charter which give it this existence. The plaintiff in error was incorporated with its principal office in Fulton county, as a resident of Fulton, and the defendant in error proceeds against this corporation and no other. Its life and powers and the right to sue it come from the charter and from no other source. The defendant in error can not proceed against it as a corporation and at the same time collaterally attack its existence, or read into its charter a provision inconsistent with its plain terms.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*