## PORTER v. STATE MUTUAL LIFE INSURANCE CO.

The provisions of section 2563 of the Civil Code of 1910, that where any person may have any claim or demand against any insurance company having agencies or more than one place of doing business, it shall be lawful for such person to institute suit against such insurance company within the county where the principal office of such company is located, or in any county where it may have an agency or place of doing business, etc., do not authorize the filing of a petition seeking purely equitable relief against an insurance company having its principal office in this State, as the sole defendant, in a county other than where such principal office is located. (Two Justices dissent.)

JULY 14, 1916.

Equitable petition. Before Judge Worrill. Miller superior court. April 26, 1915.

*Roscoe Luke* and *Pottle & Hofmayer,* for plaintiff.

*Maddox & Doyal* and *King & Spalding,* for defendant.

HILL, J. Mrs. Lula Curry Porter brought an equitable petition against the State Mutual Life Insurance Company of Rome, Georgia, in Miller county. Service was made upon a named person as agent of the company. The suit was brought by the plaintiff to obtain an equitable accounting under a certain contract, judgment for the amount found to be due, injunction, receiver, and certain other equitable relief. A temporary restraining order had been granted by the presiding judge, but no interlocutory hearing had been had, and on the date of the judgment here complained of, April 26, 1915, the temporary restraining order was in force. At the appearance term of the court the defendant filed a plea to the jurisdiction; and on April 26, 1915, the plaintiff filed a motion to strike the plea to the jurisdiction, upon various grounds set forth in the motion. This motion to strike was overruled by the court. Thereafter on the same date the plea to the jurisdiction was submitted to the court without the intervention of a jury, the facts set forth in the plea being admitted by the plaintiff to be true. The material allegations of fact set out in the plea were as follows: The State Mutual Life Insurance Company of Rome, Georgia, is a corporation of the State of Georgia, with its principal office and place of business located in the city of Rome, Floyd county, Georgia. Mrs. Lula Curry Porter, plaintiff in the case, is a resident of Floyd county, State of Georgia. All the property referred to in the petition, which the defendant is threatening to

sell, is located in Floyd county, Georgia. The home office and principal place of business of the defendant has been in the city of Rome and county of Floyd since its organization; and at the time of the commencement of this suit, April 7, 1914, the principal office and place of business of the defendant was, and has since been, in the county of Floyd and State of Georgia. At the time of beginning this suit the defendant was not a resident of the county of Miller, and the superior court of Floyd county has jurisdiction of this case, etc.

The court sustained the plea to the jurisdiction, revoked all orders previously granted, and dismissed the case. To this judgment the plaintiff excepted.

1. It is insisted that the judgment of the court below, holding in effect that the superior court of Miller county had no jurisdiction of the case under the admitted facts as set forth in the plea, was error. The sole question is, whether the defendant insurance company could be sued in Miller county, where it had an agent and place of business at the time the suit was brought, when the principal office and place of business of the corporation was in Floyd county. Section 2563 of the Civil Code of 1910 is relied on by the plaintiff in error in support of her contention that the superior court of Miller county has jurisdiction of the case: That section is as follows: "Whenever any person may have any claim or demand upon any insurance company having agencies, or more than one place of doing business, it shall be lawful for such person to institute suit against said insurance company within the county where the principal office of such company is located, or in any county where said insurance company may have an agent or place of doing business, or in any county where such agent or place of doing business was located at the time the cause of action accrued, or the contract was made out of which said cause of action arose." This court has held, citing the above section of the code, that "suit upon any demand against an insurance company having agencies or more than one place of doing business in this State may be brought in a county where an agent or place of doing business of the company was located at the time the cause of action accrued, or the contract was made out of which the cause of action arose." *Jefferson Fire Insurance Co.* v. *Brackin,* 140 *Ga.* 637 (79 S. E. 467). In the *Brackin* case the suit was upon a fire-insurance

policy. The question arises, therefore, if section 2563 applies to common-law suits, why not to equitable actions also? The language of the code is general, and is not restricted in terms to common-law suits. The language is "any claim or demand." Did the legislature intend to apply the provision as to venue both to common-law and equitable suits? It has never been held by this court that sections 2563 and 2564 of the Civil Code applied to equitable actions as contradistinguished from suits on contracts, torts, etc. It is true, as already observed, that the language of the code section above cited is very broad; but we should construe it in connection with the following sections of the code, in order to arrive at the intention of the legislature. In the constitution, the provision in regard to the equity jurisdiction of the courts is stated separately. It is provided that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Constitution, art. 6, sec. 16, par. 3 (Civil Code, § 6540). That is to say, *equitable relief*. Section 6541 of the code refers to suits against joint obligors, joint promisors, etc., residing in different counties. Section 6542 provides where suits may be brought against makers and indorsers of promissory notes, acceptors, and the like, residing in different counties. Section 6543 provides that all other civil cases shall be tried in the county where the defendant resides. Thus it appears that the venue of equitable causes is dealt with in a separate section from those dealing with common-law suits. All these sections and the sections relative to the venue of suits against corporations are to be considered in connection with section 2563, in determining whether the legislature intended to include equitable actions in that section, and not merely actions of tort, etc.

It could hardly have been the intention of the legislature when referring to a suit on "any claim or demand," in section 2563, to include any action or any proceeding of an equitable nature against an insurance company, so that any equitable action of any character against an insurance company might be located in any county in the State where it might have an agency, although its home or main office might also be located within the State; or that this might be done even in any county where such agency or place of doing business was located at the time the cause of action accrued, or the contract was made, out of which such cause of action arose,

even though such cause of action arose in a different county from where the home office was located. Where the corporation is a domestic corporation, the general rule of law is that it resides also where the home office is located. While for special purposes there may be a superadded statutory residence which the law ascribes to it at least to a certain extent, yet it must appear that the legislature intended this to be true with reference to the character of action here involved. If they did not intend to make such a change, the general rule as to such a character of action or proceeding would still apply, namely, that domestic corporations must be sued in the county where the principal office is located.

As has been noted above, the constitution deals with jurisdiction in equity cases separately from those in common-law actions. It is evident that most of the legislation on the subject deals with common-law actions. In determining whether the section of the code now under consideration was intended to go further and include equitable actions, it is proper to consider the general trend of legislation on that subject and the constitutional provisions in regard to equity suits to which no express reference is made in the legislation contained in the section of the code now under consideration. If the language "any claim or demand," used in that section, is to be treated as including any equitable cause of action or right to bring an equitable action, and giving a right to bring such equitable action, though arising in the county where the home office is located, and though in no way connected with the agency or business in another county, it might give a right to leave the county where the home office was located and go to the other end of the State to file such an equitable proceeding. But suppose such equitable proceeding were a creditor's bill, or an application for a receivership either for the whole or a part of the company's property. Was it the intention of the legislature, by the use of these general words, to authorize an application to be made in Miller county for the appointment of a receiver of a domestic corporation whose principal office was located in Floyd county? Yet if the broad construction of the words "any claim or demand," employed in this section of the code, were ·adopted, so as to include any right to proceed either at law or in equity against the company, the very extreme result stated might follow. We do not think that the legislature intended any such consequence, or that

the language employed so clearly contemplated dealing with equitable actions—relatively to which there was a special constitutional provision—as to require a construction of the character mentioned. We are not dealing with the question of the power of the legislature to make such a provision, but with the construction of the act itself. Accordingly, we think the present action could not properly be brought in Miller county, and that there was no error in sustaining the plea to the jurisdiction and dismissing the equitable petition brought in that county. See *Etowah Milling Co.* v. *Crenshaw,* 116 *Ga.* 406 (42 S. E. 709).

In making the foregoing ruling we are aware of the decision in the case of *Savannah &c. Ry. Co.* v. *Atkinson,* 94 *Ga.* 780 (21 S. E. 1010), but do not consider that ruling to require a decision different from the one we now make. In that case Mr. Justice Simmons said, in the opinion: "The petition was filed in the county of Camden against the East Georgia & Florida Railroad Company and the Savannah, Florida & Western Railway Company. It appears from the allegations in the petition, that the former of these companies, having obtained a charter authorizing it to build a railroad in the county of Camden, commenced work upon its line of road therein, cleared its right of way, made excavations, cut cross-ties, and established agencies in the county; and that while the work was in progress, the contract upon which the suit is founded was entered into between the company and the plaintiff, to be performed in that county. One of the grounds upon which the defendants demurred to the petition was, that it showed upon its face that the jurisdiction thereof was in Chatham county and not in Camden county, the principal office and place of business of the defendants being in the former county. . . As soon as the East Georgia & Florida Railroad Company located its line in the county of Camden and commenced the work of construction there, it acquired a residence in that county, and could be sued there for causes of action arising or on contracts to be performed therein; and such residence, after being once acquired, could not be lost by abandoning the work in that county, or even abandoning the whole enterprise and suspending operations throughout the entire line." The difference between the two cases is apparent, and we are not inclined to extend the ruling in that case so as to include the facts of the present one. In the case now be-

fore us, there was no suit on a contract in any way connected with the operation of the company in Miller county, or which was to be performed there. On the contrary, the entire cause of action arose and was connected with the principal office of the company in Floyd county. Instead, therefore, of being a proceeding to enforce a contract in a county where the venue was located, it was an effort to leave the county where the main office was located, and where the contract was made and to be performed, and go to a far-distant county in which there was no connection with the cause of action save the existence there of an agency, and bring a purely equitable action in that county.

*Judgment affirmed. All the Justices concur, except Fish, C. J., and Atkinson, J., dissenting.*

ATKINSON, J. It was provided in section 3406 of the Code of 1882: "All railroad companies shall be liable to be sued in any county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, their officers, agents, or employees, for the purpose of recovering damages for such injuries; and also on all contracts [made or] (a) to be performed in the county where the suit is brought." In the case of *Savannah &c. Ry. Co.* v. *Atkinson,* 94 *Ga.* 780 (21 S. E. 1010), decided before any change was made in the law as indicated, it was held: "As to the cases provided for by section 3406 of the code, the residence of a railroad corporation is, for the purpose of suit against it, whether the cause of action be legal or equitable or partly one and partly the other, no less in the various counties in which its line of railroad is located than in the county in which it keeps its principal office or place of business, and it acquires this breadth of residence so soon as its line is permanently defined and the work of construction commenced; nor is its residence in any given county, after being once acquired, lost by abandoning work in that county, or even abandoning the whole enterprise and suspending operations throughout the entire line." In the course of the opinion it was said: "It was contended, that this being an equitable proceeding, the constitution (Code, § 5169) required that it should be brought in the county in which the defendants resided; and that the defendants resided where their principal office or place of business was located. Under our code, all railroad companies are residents, for purposes of suit against

them, in every county through which the road runs, whether the cause of action be legal or equitable, or partly the one and partly the other. (§ 3406); *Watson* v. *Richmond &c. Railroad Co.*, 91 *Ga.* 222 [18 S. E. 306]. Such corporations are creatures of the State, and the constitutional provision above referred to does not preclude the legislature from fixing their place of residence in this manner. Another paragraph of the constitution (Code, § 5172) declares, that 'all other civil cases shall be tried in the county where the defendant resides;' yet this court has held uniformly since the passage of the act of 1855, embodied in section 3406, supra, that a railroad company may be sued, under this act, in a different county from that in which its principal office is located, without violating that provision of the constitution. We see no reason why this can not be done where equitable principles are involved, as well as in other cases. As soon as the East Georgia & Florida Railroad Company located its line in the county of Camden and commenced the work of construction there, it acquired a residence in that county, and could be sued there for causes of action arising or on contracts to be performed therein; and such residence, after being once acquired, could not be lost by abandoning the work in that county, or even abandoning the whole enterprise and suspending operations throughout the entire line." The distinction sought to be drawn by the majority does not materially affect the present case. The provision of section 3406 of the Code of 1882 and that of the Code of 1910 in section 2563 each had for its object the specification of situs for suits against corporations of the respective classes. In view of the requirements of the constitution, residence of such corporations, as contemplated by the statute, is fundamental. Upon this subject the language employed in the Code of 1882, mentioned above, was no broader than that employed in the present Civil Code. Owing to the similarity of the statutes in this respect, the principle ruled in the case cited above is controlling, and requires a reversal of the judgment.

FISH, C. J. I concur in the dissenting opinion of Mr. Justice Atkinson.