GEORGIA LAND AND LIVE STOCK COMPANY v. SAVANNAH RIVER

LUMBER COMPANY et al.

GEORGE, J.  The Newport Company executed and delivered to the Savannah River Lumber Company, a Georgia corporation, with its principal office in Chatham county, a mortgage on certain lands in McIntosh county, to secure the payment of three notes due one, two, and three years, respectively, after date, said notes representing the balance of the purchase-money on the property described in the mortgage. The mortgagor defaulted in the payment of one of the notes, and the Savannah River Lumber Company, in accordance with the terms of the mortgage, appointed a citizen of Chatham county trustee to execute the power of sale contained in the mortgage. The trustee advertised the porperty for sale, in accordance with the provisions of the mortgage, and the Georgia Land and Live Stock Company, successor in title to the mortgagor, filed suit in McIntosh superior court against the mortgagee and the trustee. The plaintiff alleged, that it offered to buy and did buy certain lands and timber from the mortgagee, upon condition that the mortgagee would release the land from certain timber cotnracts "as soon as it has been cut over;" that the mortgagee, after it had cut over the timber, in disregard of its agreement to release the lands, executed leases to others, to the injury and damage of the plaintiff. The plaintiff prayed that it might be allowed to set off and recoup the damage claimed by it against the mortgagee (it having assumed the notes of the Newport Company), for injunction against the sale of the land under the mortgage, and for other equitable relief.  At the appearance term the defendants filed a plea and demurrer to the jurisdiction of the court.  The demurrer was sustained and the case dismissed.  The plaintiff excepted, contending, that under the Civil Code, § 2259, any corporation may be sued on contracts in that county in which the contract sought to be enforced is made òr is to be performed, if it has an office and transacts business there; that the land which the mortgagee agreed to release from the timber contracts as soon as cut over lay in McIntosh county, and therefore the contract was to have been performed in that county.  Held, that even if the alleged contract was to be performed in McIntosh county, which can not be admitted, under the allegations of the petition, the case is controlled by the ruling in *Etowah Milling Co.* v. *Crenshaw,* 116 *Ga.* 406 (42 S. E. 709), where, in a suit for injunction against obstructing the.flow of water of a stream and for damages, it was ruled:  "A corporation of this State is not subject to a suit for equitable relief by injunction in a county other than that fixed by its charter as the

county of its principal office; and this is true although the suit embraces also a claim for past damages."

*Judgment affirmed. All the Justices concur.*

No. 1818. MAY 13, 1920.

Equitable petition. Before Judge Sheppard. McIntosh superior court. December 3, 1919.

*Travis & Travis,* for plaintiff.

*Hitch & Denmark,* for defendants.