## CADWELL v. SWIFT & COMPANY.

ATKINSON, J. 1. A power of sale in a deed of trust, mortgage, or other instrument is to be strictly construed and must be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of the sale should be that pointed out for public sales. Civil Code, § 4620. However, "that portion of the mortgage containing the power, like all other contracts, is to be construed so as to effectuate the intention of the parties, and the power must be exercised in accordance with the intention of the parties as indicated in the clause in the mortgage conferring the power." *Garrett* v. *Crawford*, 128 *Ga.* 519-521 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167) ; *Mathis* v. *Glawson*, 149 *Ga.* 752 (3) (102 S. E. 351). Accordingly, where land located in Treutlen County is conveyed by deed as security for debt, and the deed contains a power of sale authorizing sale of the land in Candler County for collection of the debt, the sale in virtue of the contract should be held in Candler County.

2. Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed. Civil Code, § 6540. A corporation of this State is not subject to a suit for equitable relief by injunction in a county other than that fixed by its charter as the county of its principal office. *Etowah Milling Co.* v. *Crenshaw*, 116 *Ga.* 406 (42 S. E. 709) ; *Porter* v. *State Mutual Life Insurance Co.*, 145 *Ga.* 543 (89 S. E. 609) ; *Georgia Land &c. Co.* v. *Savannah River Lumber Co.*, 150 *Ga.* 202 (103 S. E. 167). Accordingly, where a suit to enjoin exercise of a power of sale contained in a security deed is instituted in Treutlen County solely against a commercial corporation of this State, the principal office of which as fixed by its charter is in another county, the court is without jurisdiction.

3. Under the pleadings and the evidence, the action was improperly instituted in Treutlen County, and the judge did not err in refusing a temporary injunction. *Judgment affirmed. All the Justices concur.*

No. 8304. FEBRUARY 10, 1932.

*William B. Kent,* for plaintiff.
*Kirkland & Kirkland,* for defendants.