## STATE OF GEORGIA v. ATLANTIC ICE & COAL CO.

No. 10385. FEBRUARY 13, 1935.

*Earl W. Butler, solicitor,* for plaintiff.

*E. W. Maynard, Grady Gillon,* and *Harris, Russell, Popper & Weaver,* for defendant.

BECK, Presiding Justice. The petition in this case, for injunction and for abatement of an alleged nuisance, was filed in Bibb superior court. It is alleged therein that the defendant, Atlantic Ice & Coal Company, is a corporation having an office, agent, and place of business in Bibb County; and that it conducts its business in a specified building in the City of Macon, Bibb County, a part of the business being that of storing, among other intoxicating

beverages, beer, lager-beer, ale, brewed and fermented liquors and beverages, which are habitually kept, sold, and bartered by the said company, its agents and employees in said county. The prayer is that the defendant be enjoined and restrained from using, maintaining, or assisting in the use and maintenance of the building as a place where beer and beverages are kept, sold, and bartered; that the sheriff be commanded to abate the nuisance; and that the court enter a decree that no intoxicating liquors, etc., be sold, bartered, and stored in said premises or any part thereof; and that a temporary injunction issue, restraining the defendant, its agents and employees, from using, maintaining, or assisting in the use of the building for such purposes.

At the hearing the defendant filed a plea to the jurisdiction of Bibb superior court, on the ground that it is a resident of Fulton County, Georgia, that it is incorporated under the laws of this State, that its principal office is located in Fulton County, and that equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed. The evidence showed that Atlantic Ice & Coal Company is a corporation having its principal office at 106 Courtland Street in Atlanta, Fulton County, Georgia, at which place is located its general office and place of business, and where its executive officers transact the business of the corporation, and where the corporate meetings of the company are held and its books are kept, which include minute-books, stock-books, and other corporate books. Herbert Gordon, manager of the company's branch at Macon, testified that the Atlantic Ice & Coal Company has two certificates, one for wholesale dealer in malt liquors and one for retail dealer in malt liquors, issued by the United States Treasury Department; that he did not know at the time the petition for injunction was served on him, and could not say approximately, how much beer was stored at the warehouse in Bibb County; that he could not remember whether his company got two car-loads of beer the next day after this petition was filed; that they had beer, but he could not say how much at the time the petition was filed; that they would get car-load shipments in Bibb County and deliver them from the Macon office to the retail trade of Bibb County and others around; that Atlantic Ice & Coal Company has an ice factory in Bibb County, where it manufactures and sells ice; and that they store car-loads of beer out there from time to time.

The judge ruled that the plea to the jurisdiction must be sustained. To this ruling the plaintiff excepted.

The court did not err in sustaining the plea to the jurisdiction and in refusing an injunction. This suit was brought in Bibb superior court, and the evidence shows that the defendant is a resident of Fulton County and was at the time of the filing of the suit. Under certain conditions, courts of equity have jurisdiction to proceed by injunction with the abatement of nuisances. The doctrine that public or common nuisances are the subject-matter of equity jurisdiction and that they may be abated by injunction is established in this State; and when a litigant sees proper for any reason not to pursue the legal methods for the abatement of nuisances as provided in the Code, and seeks to abate the nuisance in the superior court, he is proceeding in equity. "A court of equity has jurisdiction, and will, in a proper case made by injunction, restrain a public nuisance." *Mayor &c. of Columbus* v. *Jaques,* 30 *Ga.* 506. In that decision the principle just quoted was elaborated, and in substance it was said that the jurisdiction to abate nuisances by injunction is founded on the ability of courts of equity to give a more complete and perfect relief than is obtainable at law. A number of decisions in Georgia have set forth and defined the jurisdiction of courts of equity in the matter of abatement of nuisances, and a reading of these decisions will show that equity proceeds by injunction against the person when the abatement of nuisances is sought. See *Loflon* v. *Collins,* 117 *Ga.* 434 (43 S. E. 708, 61 L. R. A. 150); *Walker* v. *McNelly,* 121 *Ga.* 114 (48 S. E. 718); *Brindle* v. *Copeland,* 145 *Ga.* 398 (89 S. E. 332). It can not be seriously contended that this case is not a proceeding in equity, the allegations showing an intent of the pleader to invoke the exercise of equity jurisdiction. In addition thereto, immediately preceding the prayer in the petition, is the following language: "Wherefore your complainant, having no adequate remedy at law, prays," etc. In view of the character of the suit and the purposes for which it was brought, this case must be determined by those rules which control questions of jurisdiction in equity cases. The rule which is controlling in this case is laid down in article 6, section 16, paragraph 3, of the constitution of this State, contained in the Code of 1910, § 6540 (Code of 1933, § 2-4303), as follows: "Equity cases shall be tried in the county

where a defendant resides against whom substantial relief is prayed." The Atlantic Ice & Coal Company is the only defendant in this case, and the undisputed evidence is that it is a corporation of Fulton County, Georgia. Its principal office is fixed in that county by its charter; its corporate business is transacted in that county, and its records are kept there, including its minute-books; and the meetings of its executive officers are held in that county.

The petition in this case shows that the solicitor-general elected to bring the action under section 9 of the act entitled "An act to make clearer and more certain the laws of Georgia heretofore enacted for prohibiting the manufacture of alcoholic liquors," etc., "and the keeping on hand thereof in public places," etc., approved November 17, 1915. Ga. L. Ex. Sess. 1915, p. 77. That section is as follows: "Be it further enacted by the authority aforesaid, that the following are hereby declared to be common nuisances and may be abated as such upon complaint of the State Attorney-General, or the solicitor-general of the circuit, or any citizen or citizens of the county: (1) Any rooms or structures used for the unlawful manufacture, sale, keeping for sale, or other unlawful disposition of the liquors and beverages mentioned in section 1 of this act, or any of them; (2) all houses, shops, or places where the said liquors and beverages, or any of them, are sold, bartered, kept for sale, or otherwise disposed of, to be drunk on or near the premises, or where such liquors or beverages, or any of them, are kept for the purpose of sale or other unlawful disposition thereof; (3) all places of resort where persons are permitted to resort for the purpose of drinking such liquors or beverages, or any of them, mentioned in section 1, on or about the premises; (4) any public eating-place where the said liquors and beverages, or any of them, mentioned in section 1, are sold or served for beverage purposes." Not only does the petition adopt a part of the language of this section in describing the acts of the defendant company, but it distinctly alleges that that company is guilty of certain described acts which are violative of the law quoted above (11 Park's Code Supp. 1922, § 448(j), Code of 1933, § 58-109), and that the violation of that law makes the place of business of the company a public nuisance, subjects it to abatement as such, and entitles the State to relief by injunction. That section of the statute of 1915 does not refer to the question of jurisdiction in any way. It describes certain acts, and declares

those acts to be common nuisances; but the legislature did not in this section provide for any unusual procedure, or create in any court any jurisdiction for the abatement of the nuisances therein defined. Section 4 of the act of 1915 makes unlawful certain other acts, and declares that "Any place or room kept or maintained in violation of the provisions of this section shall be deemed to be a common nuisance, and may be abated by writ of injunction issued out of the superior court upon a bill filed by the State Attorney-General or the solicitor-general of the circuit, or by any citizen or citizens of such county; such bill to be filed in the county in which the nuisance exists." The provision that such bill shall be filed in the county in which the nuisance exists is not found in section 9 of the act. But if it should be construed that the provision for filing a bill in the county where the nuisance exists is applicable to those acts declared to be a nuisance in section 9, and therefore applicable to the acts with which the defendant is charged in this petition, then, in view of our ruling that this is a suit in equity for injunctive relief—and as to this we have no doubt,—it could only be brought, in view of what we have said as to equity jurisdiction, in the county of the residence of the defendant, that is, in Fulton County, and not in Bibb County; for that jurisdiction is fixed by the constitution, and it was not competent for the legislature to invest the court of equity in any other county with that jurisdiction. See cases cited above; also *Elowah Milling Co.* v. *Crenshaw*, 116 *Ga.* 406 (42 S. E. 709) ; *Porter* v. *State Mutual Life Insurance Co.*, 145 *Ga.* 543 (89 S. E. 609).

The court properly sustained the plea to the jurisdiction.

*Judgment affirmed. All the Justices concur.*