NEWNAN MOTORS INC. *v.* ARRINGTON *et al.*

No. 14256.   SEPTEMBER 22, 1942.

570

*Walter D. Sanders* and *Hooper, Hooper & Miller,* for plaintiff in error.

*Stanford Arnold* and *W. A. Harl,* contra.

ATKINSON, Presiding Justice. Since the question of jurisdiction is controlling, the assignment of error on failure to dismiss the action because of absence of positive verification of the petition need not be passed on. If it be made clearly to appear to the judge that the suit is brought in the wrong county, he should for that reason refuse to grant interlocutory relief. *Trimble* v. *Knight*, 178 *Ga.* 804 (174 S. E. 626). The right of action was asserted in a claim for damages; and counsel for defendants in error take the position that a suit of this character may be brought in the county where the injury was done, citing *Martin & Thompson Inc.* v. *Allen*, 188 *Ga.* 42 (2 S. E. 2d, 668). In that case suit was entered in Peach County, to recover for personal injuries, against a corporation having its principal office and place of business in Peach County. The Code, § 22-1102, expressly authorizes such a suit in the last-named county. It was a common-law suit, brought under that section. The instant case does not allege a state of facts which makes that section applicable. Counsel point out that the instant suit was filed under the statutory provision set out in the Code, §§ 22-1210, 22-1211. The first of these two sections declares that "The dissolution of a corporation either as a result of the expiration of its charter, or for any other cause, shall not bring about its total extinction nor operate to extinguish any demand or cause of action against it in favor of any person whomsoever, whether arising from contract or tort, nor shall such dissolution work the abatement of any suit pending against it at the time of such dissolution, but all such pending suits may be prosecuted and enforced to a conclusion as though such corporation were still undissolved." Section 22-1211 in part declares that "Suits for the enforcement of any demand or cause of action due by such corporation may to a like extent be instituted and enforced against it *in any court having jurisdiction thereof at the time of its dissolution*." (Italics ours.) Counsel argue that the italicized words authorize a suit to be instituted against a dissolved corporation in any court having jurisdiction of the demand and cause of action at the time of the dissolution. If the suit were one at law, and if it were alleged that the injury was committed in Coweta County, and damages only were prayed for, instead of invoking equitable relief, as in the *Martin & Thompson* case, supra, a different question would be presented. The courts in construing an act of the

General Assembly will, if possible, ascribe to it a meaning so as to make it square with the constitution, which declares that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Code, § 2-4303. Section 22-1210, quoted above, declares that a dissolution of a corporation shall not bring about its total extinction. It exists for the purposes therein named. There is nothing in the section to indicate that during that period it ceases for the purpose of suit to be a citizen of that county where its principal office is located. "A corporation of this State is not subject to a suit for equitable relief by injunction in a county other than that fixed by its charter as the county of its principal office; and this is true although the suit embraces also a claim for past damages." *Etowah Milling Co.* v. *Crenshaw,* 116 *Ga.* 406 (42 S. E. 709). See *Porter* v. *State Mutual Life Insurance Co.,* 145 *Ga.* 543 (89 S. E. 609); *Georgia Land & Live Stock Co.* v. *Savannah River Lumber Co.,* 150 *Ga.* 202 (103 S. E. 167); *Cadwell* v. *Swift & Co.,* 174 *Ga.* 313 (162 S. E. 814).

From the date of the application for charter of the plaintiff in error, and from the certificates appearing in the record, it is apparent that it was chartered under the corporation act approved January 28, 1938 (Ga. L. Ex. Sess. 1937-38, pp. 214-247); Code Supp. Ann. § 22-1801 et seq. One section of that act, now appearing in the Code Supplement as section 22-1877, makes it plain that the General Assembly never intended to suggest that a receiver for a dissolved corporation could be appointed except by the judge of the superior court of the county in which its principal place of business is located. The first part of that section declares: "When any corporation incorporated or reincorporated under this Chapter shall be dissolved or cease to exist in any manner whatever, the judge of the superior court, of the county in which its principal place of business is located, on application of any creditor or stockholder at any time, may either continue such directors as trustees, as aforesaid, or, upon equitable cause being shown therefor, appoint one or more persons the receivers of and for such corporation," etc.

The statement in the petition, not positively verified, that this corporation had its principal place of business in Coweta County does not contradict the statement in its charter that "The principal office of said corporation shall be in Atlanta, Fulton County, Georgia."

The superior court of Coweta County was without jurisdiction to appoint a receiver, and its judgment in so doing must be

*Reversed. All the Justices concur.*