514

18514, 18519.   GRIMAUD *et al. v.* KNOX-GEORGIA HOMES, INC., *et al.;* and *vice versa.*

Argued March 8, 1954—Decided April 12, 1954.

*Wallace Pierce, Pierce Brothers, Silvey & Tuggle,* for plaintiffs in error.

*Knox & Neal, Hull, Willingham, Towell & Norman, Sanders, Thurmond & Hester, Congdon, Harper & Leonard,* contra.

CANDLER, Justice. (After stating the foregoing facts.) 1. The cross-bill of exceptions presents questions which relate to the trial court's jurisdiction of the defendants, and they will be considered and disposed of first. Query: Did the corporate defendants or either of them have its principal office in Richmond County when this litigation was instituted, or did the individual defendant Mills at that time reside in Richmond County? We will determine this question by dealing separately with each of the three defendants.

(a) As to the defendant Knox-Georgia Homes, Inc., the evidence shows, without any dispute, that its principal office, as fixed by the terms of its charter, was in Thomson, McDuffie County, Georgia. Accordingly, the jury was clearly unauthorized to find from the evidence that this defendant's principal office was in Richmond County, as the pleader alleged.

(b) As to the defendant Richmond Hills, Inc., the evidence shows indisputably that its principal office was located by its charter in Atlanta, Fulton County, Georgia; and respecting the manner in which the principal office of a corporation may be changed, the legislature passed an act in 1947 (Ga. L. 1947, p. 1544; Code, Ann. Supp., § 22-1814.1), which provides: "Any corporation, whether incorporated under prior existing laws or under this law, may from time to time, when and as desired, amend its charter to change its principal office, and thereby to become a corporation of a county other than that of its original incorporation, by proceeding as provided for any other amendment; except that such petition to change the principal office shall be presented to the judge of the superior court to which the principal office of the corporation is to be changed, and the judge shall examine the same, and if it is found to be lawful, shall enter an order declaring the same granted thereon, and the publication thereof shall be by a newspaper which is authorized to carry publications concerning the granting of amendments of charters, in the county to which the principal place of business of the corporation is to be changed." There is no evidence in the record of any proceeding instituted under the act of 1947 or any prior act to amend the charter and by such amendment change the location of the principal office of Richmond Hills, Inc., from Atlanta to Augusta. There is not even oral testimony indicating that any application for such change was in fact filed. It is true that "Thomas D. Brazzell," whose position with the corporation is not disclosed, filed a report, dated March 31, 1952, with the Secretary of State as required by Code, Ann. Supp., § 22-1703, in which he stated that the corporation's principal office was on Lumpkin Road in Richmond County; and that J. M. Mills testified orally that he believed that he filed a second report with the Secretary of State, stating therein that the corporation's principal office was at 2420 Lumpkin Road, Augusta, Richmond County, Georgia. Such evidence, however, is not legally sufficient to show a compliance with the requirements of law which must be followed for the purpose of obtaining amendments to a corporate charter, including one to change the location of its principal office. Consequently, the principal office of Richmond Hills, Inc., is not shown by the evidence to be in Richmond County.

(c) And as to the defendant Mills, it is unnecessary for us to repeat the facts concerning the location of his residence. They demanded, as we see them, a finding by the jury that Mills resided in Fulton County when this litigation was instituted. It is true, of course, that he and his family temporarily occupied residential quarters in Augusta from June to November, 1952, but with no intention of making those quarters or that place their permanent home. "The domicile of every person of full age, and laboring under no disability, is the place where the family of such person shall permanently reside, if in this State. If he has no family, or they do not reside in this State, the place where such person shall generally lodge shall be considered his domicile." Code § 79-401; *Peacock* v. *Collins*, 110 *Ga.* 281 (34 S. E. 611), where we said: "The domicile of a man having a family is, under section 1824 [presently Code § 79-401] of the Civil Code, the place where his family 'shall permanently reside, if in this State,' the word 'permanently' being here used in contradistinction from the word 'temporarily.'" See, also *Knight* v. *Bond*, 112 *Ga.* 828 (38 S. E. 206), where the *Peacock* case was cited and followed as controlling authority.

For the reasons shown in (a), (b), and (c) above, the evidence did not authorize a finding by the jury that the defendants or any one or more of them resided in Richmond County when this suit for injunction and damages was brought against them.

2. The Constitution of this State, by article VI, section XIV, paragraph III, provides that equity cases must be tried in the county where a defendant resides against whom substantial relief is prayed. Code (Ann.) § 2-4903. This constitutional provision applies to domestic corporations as well as to individuals. *State of Ga.* v. *Atlantic Ice & Coal Co.*, 180 *Ga.* 285 (178 S. E. 743). "A corporation of this State is not subject to a suit for equitable relief by injunction in a county other than that fixed by its charter as the county of its principal office; and this is true although the suit embraces also a claim for past damages." *Etowah Milling Co.* v. *Crenshaw*, 116 *Ga.* 406 (42 S. E. 709); *Georgia Land &c. Co.* v. *Savannah River Lumber Co.*, 150 *Ga.* 202 (103 S. E. 167). In this connection, see also *Townsend* v. *Brinson*, 117 *Ga.* 375 (43 S. E. 748); *Baker* v. *Davis*, 127 *Ga.* 649 (57 S. E. 62); *Malsby & Co.* v. *Studstill*, 127 *Ga.* 726 (56

S. E. 988). Since neither of the defendants resided in the county where this litigation was brought, it is not necessary for us to deal with that provision of the law relating to equitable relief against joint trespassers residing in different counties. However, see Code (Ann.) § 2-4904; *Townsend* v. *Brinson*, supra; *Railroad Commission* v. *Palmer Hardware Co.,* 124 *Ga.* 633 (53 S. E. 193).

As our judgment on the cross-bill of exceptions necessarily effects a final disposition of the case, adverse to the plaintiffs in error in the main bill of exceptions, it is needless for us to deal with the questions in the main bill.

*Judgment reversed on the cross-bill of exceptions; main bill of exceptions dismissed. All the Justices concur.*