NEUMANN, Respondent, vs. CITY OF LA CROSSE, Appellant.

*September 22 — October 13, 1896.*

*Municipal corporations: Recovery of license fees illegally exacted: Payment under duress: Instructions to jury.*

1. Payment of a license fee exacted by a city under a void ordinance, made to avoid a threatened arrest and without conceding any liability therefor, is a payment under such duress that the amount may be recovered, where the city charter authorized the arrest, upon warrant, of persons violating its ordinances, and the plaintiff did not know but that the officer threatening the arrest had such a warrant at the time.

2. A charge, in such case, to the effect that plaintiff could recover if he made the payment *under protest or* under compulsion, is *held* not erroneous, since, in the light of the facts and circumstances of the case, theretofore referred to in the charge, the words "under protest " must have been understood to mean under protest when threatened with arrest.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Martin Bergh,* city attorney, and oral argument by *Mr. Bergh* and *Mr. F. H. Bloomingdale.* To the point that the license money in question was not paid under such compulsion as to entitle the plaintiff to recover it back from the city, they cited *Oshkosh v. Schwartz,* 55 Wis. 483; *Cook v. Boston,* 9 Allen, 393; *Custin v. Viroqua,* 67 Wis. 317; 18 Am. & Eng. Ency. of Law, 214, and note; Tiedeman, Mun. Corp. § 326*a;* Beach, Pub. Corp. § 234 *et seq.; Taylor v. Board of Health,* 31 Pa. St. 73; *Union Ins. Co. v. Allegheny,* 101 id. 250, 256; Dillon, Mun. Corp. § 751; *De La Cuesta v. Ins. Co. of N. A.* 9 L. R. A. 631; *Weber v. Kirkendall,* 44 Neb. 766; *Cahaba v. Burnett,* 34 Ala. 400; *Ligonier v. Ackerman,* 46 Ind. 552, 562; Cooley, Taxation, 567; *Phelps v. New York,* 112 N. Y. 216, 222; *N. W. Union Packet Co. v. Muscatine,* 45 Iowa, 185; *Bunker v. Steward,* 2 New Eng. Rep. 424; *Brazil v.*

Neumann vs. City of La Crosse.

*Kress*, 55 Ind. 14; *Edinburg v. Hackney*, 54 id. 83; *Railroad Co. v. Comm'rs*, 98 U. S. 541, 543; *Wabaunsee Co. v. Walker*, 8 Kan. 431; *Mays v. Cincinnati*, 1 Ohio St. 269.

For the respondent there was a brief by *Winter, Esch & Winter*, and oral argument by *Frank Winter*. They cited Cooley, Taxation (1st ed.), 568, 569, and cases cited; *Harvey v. Olney*, 42 Ill. 336, 338, 339; *Heckman v. Swartz*, 50 Wis. 267; *Parcher v. Marathon Co.* 52 id. 388, 390, 391; 2 Dillon, Mun. Corp. §§ 942, 943, and cases cited; 2 Desty, Taxation, 797; *Joyner v. School Dist.* 3 Cush. 567, 572; *Boston & S. Glass Co. v. Boston*, 4 Met. 181, 188; *Atwell v. Zeluff*, 26 Mich. 118; *Preston v. Boston*, 12 Pick. 7, 13; *Jenks v. Lima*, 17 Ind. 326; *Lima v. Jenks*, 20 id. 301; *Smith v. Readfield*, 27 Me. 145, 147; *Allen v. Burlington*, 45 Vt. 202, 214; *Moore v. St. Paul*, 61 Minn. 427; *Landa v. Obert*, 78 Tex. 33; *Powell v. St. Croix Co.* 46 Wis. 210; *Ruggles v. Fond du Lac*, 53 id. 436, 442; *Biss v. New Haven*, 42 id. 605; *Matheson v. Mazomanie*, 20 id. 191; *De Fremery v. Austin*, 53 Cal. 380; *Judd v. Fox Lake*, 28 Wis. 583, 587.

CASSODAY, C. J. It appears from the record that for six consecutive years immediately prior to the commencement of this action the plaintiff was engaged in the business of selling fresh meats in the city; that in each of those years the defendant, by its police officers, exacted of the plaintiff a license fee of $12, under an ordinance of the city which, on the trial, was conceded to be entirely void and of no effect. The plaintiff paid each of such exactions, and now brings this suit to recover back the amount so paid, with interest, on the ground, as alleged, that he paid the same under duress. The defendant denied liability, and succeeded in the justice's court, but on the appeal and retrial in the circuit court the plaintiff recovered a verdict of $86.36, and from the judgment entered thereon the defendant appealed to this court, prior to the enactment of ch. 215, Laws of 1895.

We are constrained to hold that there is evidence suffi-
cient to sustain the verdict, to the effect that each of the
several payments were made to avoid threatened arrest by
the defendant's policemen, and hence made under duress.
The city charter authorized the arrest of persons for vio-
lating its ordinances, on warrant duly issued. Laws of
1887, ch. 162, subch. 14, sec. 1. There is evidence tending
to prove that the plaintiff did not know but that each such
police officer had such warrant at the time of making such
threat, and that the plaintiff at no time conceded his liabil-
ity to pay such exaction, but at all times denied the same.
These views are supported by repeated rulings of this court.
*Judd v. Fox Lake,* 28 Wis. 583; *Parcher v. Marathon Co.*
52 Wis. 388; *Ruggles v. Fond du Lac,* 53 Wis. 436. It re-
quires no authorities to show that a threatened arrest is
far more persuasive than a threatened levy. The verdict
is conclusive that the jury believed the evidence on the part
of the plaintiff, and, if that is true, then the payment was
not voluntary; and hence the case is distinguished from
those cited by counsel for the defendant.

Exception is taken because the court charged the jury to
the effect that if they found from the evidence that these
payments were not voluntarily made, but were made under
protest *or* under compulsion, then the plaintiff was entitled
to recover them back in case the city had received the
money; and, again, that, if they believed from the evidence
that the plaintiff had paid them under protest *or* under
compulsion, then he was entitled to recover them back in
case the money was paid into the city treasury and the city
had the benefit of it. The objection to these portions of
the charge is to the use of the disjunctive "or," and hence
it is claimed that the charge allowed a recovery even if the
jury believed that the payment was made under a mere
protest. The case was tried on both sides on the theory
that the ordinance was void, and that the defendant had no

right to the money. The court had already charged the jury to the effect that, although the city had no right *to* the money, yet that, if the plaintiff voluntarily paid it, then he could not recover it back; and that if, under all the facts and circumstances in the case, they believed the payments were made voluntarily and without any compulsion and without any protest, then the plaintiff could not recover. The word " protest " must have been understood in the light of the facts and circumstances thus referred to; that is to say, he so paid under protest when so threatened with arrest.

Under the decisions cited, we must hold that there is no material error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.

