## HOOVER *et al. v.* PATE, tax-collector.

RUSSELL, C. J. 1. In the light of the provisions of section 2052 of the Civil Code of 1910, defining industrial life insurance, and the terms of section 2507, providing that the business of industrial life insurance shall not be affected by any legislation unless such insurance is expressly referred to, the act of 1923 (Acts Ex. Sess. 1923, p. 40) can not be properly construed to include industrial insurance agents. Consequently the petitioners in this case were not subject to the special taxes sought to be collected, and the court erred in refusing an injunction.

2. The above ruling controls the decision in this case. The constitutional question, under a well-settled rule, will not be passed upon, because not necessary to the adjudication.

*Judgment reversed. All the Justices concur.*

No. 4980. APRIL 19, 1926.

Petition for injunction. Before Judge Meldrim. Chatham superior court. June 4, 1925.

J. J. Hoover, John A. Nelson, R. T. Brazzeal, N. A. Anderson, C. L. Ashley, "and others" filed a petition in the superior court of Chatham County against George T. Pate as tax-collector of Chatham County. Petitioners allege that they are superintendents or managers of "benefit or industrial insurance companies," and seek to enjoin the tax-collector of Chatham County from collecting the tax of $50 imposed by paragraph 61(c) of the general tax act of 1923 (Acts Ex. Sess. 1923, p. 40). It is alleged that the defendant "has assessed a tax against each of the plaintiffs, and threatens to issue executions against each of them in the sum of $50.00 principal and $—— costs, as a special license tax under the general tax act of the legislature of Georgia, passed at its extraordinary session in 1923, as follows: Par. 61(c). Upon each and every traveling or special or general agent, or manager or superintendent of any assessment life insurance company or. such benefit or accident insurance company or live stock insurance company doing business in this State, whether for a resident or non-resident company, $50.00, payable in the county of the

residence of the agent, as provided above for other insurance companies." That subparagraph (f) of paragraph 61 provides: "The license taxes imposed by this paragraph must be paid in advance by said agent or agents to the tax-collector of the county of his residence, before said agents shall be authorized to act as agents for any such company. Provided, that the railroad ticket agents selling accident tickets shall not be deemed insurance agents in the sense of this paragraph." Petitioners attack "the said threatened tax" as unconstitutional and void, in that it contravenes designated provisions of the constitution of the United States and the constitution of Georgia. The only attack necessary to consider, however, is that contained in an amendment to the petition, which was allowed on May 11, 1925, as follows: "Petitioners show that they are not liable for the said threatened tax of $50.00, for the reason that said tax is assessed by the tax act above referred to upon agents, managers, superintendents, etc., of 'assessment life insurance companies' or 'benefit or accident insurance companies' or 'live stock insurance companies,' and are not levied upon 'industrial insurance companies.' Petitioners show that industrial insurance companies are defined in section 2502 of the Code, and section 2507 provides that no law relates to industrial insurance unless expressly referred to, and that the above-quoted section under which this tax is threatened to be levied upon them does not include industrial insurance companies, nor does it expressly refer to them."

In his answer to the rule nisi the defendant admits the residence of the petitioners, but can neither admit nor deny the allegations of the petition as to the occupation of the petitioners or the class of insurance companies they represent. He charges on information and belief that they are "superintendents and/or managers and/or agents of insurance companies in this State, and as such have been doing business during the year 1925 in said county and State." He admits that he sent petitioners notices calling their attention to their unpaid and overdue special tax of $50 due as manager or general insurance agent as the case may be, and to the per cent. penalty to be paid after a named date. The defendant "denies that he has threatened or is threatening to issue executions against each of the plaintiffs as alleged. He avers upon information and belief that each of said plaintiffs is subject

to a special or occupational tax for the year 1925 for the vocation which each of them pursues, and that it is his duty as such tax-collector to collect said taxes from said plaintiffs." The trial judge refused an injunction, and the petitioners excepted.

*Charles G. Edwards* and *Bouhan & Atkinson,* for plaintiffs.
*George T. Cann,* for defendant.