17463.    CITIZENS & SOUTHERN BANK *v.* TAGGART.

</div>

"1. Under the Civil Code (1910), § 2364, a suit against a bank incorporated under the laws of this State can be brought against it, outside of the county of its principal place of business, only upon a cause of action arising from acts of its agents done in the county where such suit is brought, and in which the bank has an agency.

---

Banks and Banking, 7 C. J. p. 754, n. 7 New.

"2. Under the agreed statement of facts, the Atlanta branch of the Citizens and Southern Bank is not an agent or agency of that bank, within the meaning of the code provision above cited. This branch, under the facts, is conducting business, not as agent of the parent bank, but as the bank itself, and in its capacity as principal."

DECIDED JULY 14, 1927.

Complaint; from Fulton superior court—Judge E. D. Thomas. May 11, 1926.

*Adams & Adams, Alston, Alston, Foster & Moise,* for plaintiff in error.

*Little, Powell, Smith & Goldstein, Sam. L. Olive, Green S. Johnston,* contra.

LUKE, J.  Taggart sued the Citizens & Southern Bank in the superior court of Fulton county, alleging that the bank had damaged him by negligently failing to collect certain collateral. The bank filed a plea to the jurisdiction, in which it set up that the superior court of Fulton county could not legally take cognizance of the suit, because at the commencement of the suit and thereafter the defendant bank resided in Chatham county; that the transaction in question occurred in Chatham county; that the defendant had no agency in Fulton county, and that its Atlanta branch was not an agent of the defendant bank and had no connection with the controversy under consideration; and that the superior court of Chatham county and the city court of Savannah "have jurisdiction of this case." The issue was submitted to one of the judges of the superior court of Fulton county, without the intervention of a jury and upon an agreed statement of facts, and he rendered judgment against the plea. To this judgment the defendant excepted, bringing the case to this court for review. Questions certified by this court to the Supreme Court were answered as set out in the foregoing headnotes. For full opinion see 164 *Ga.* 351 (138 S. E. 898).

Under this ruling the judge of the superior court erred in not sustaining the plea to the jurisdiction.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*