19314. DANIEL BROTHERS COMPANY *v.* RICHARDSON.

BROYLES, C. J. 1. "Payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule." Civil Code (1910), § 4317.

2. "Duress consists in any illegal imprisonment, or legal imprisonment used for an illegal purpose, or threats of bodily or other harm, or other means amounting to or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will." Civil Code (1910), § 4116.

3. This was a suit to recover a certain sum of money alleged to have been paid to the defendant by the plaintiff under duress. In such an action facts sufficient to show duress must be set forth in the petition. *Carswell* v. *Hartridge*, 55 *Ga.* 412 (4). In the instant case the petition failed to allege any facts sufficient to show that the payment of the money was made by the plaintiff under circumstances that would amount to duress in law. On the contrary, the petition, construed most strongly against the plaintiff, alleged merely that the defendant threatened a civil action, "and this, of course, is not duress in a legal sense." *Bond* v. *Kidd*, 122 *Ga.* 812, 813 (50 S. E. 934). See also *Strange* v. *Franklin*, 126 *Ga.* 715 (55 S. E. 943); *Mallory* v. *Royston Bank*, 135 *Ga.* 702 (1), 705 (70 S. E. 586). The case of *Fenwick Shipping Co.* v. *Clarke*, 133 *Ga.* 43 (65 S. E. 140), relied on by counsel for the plaintiff in error, is distinguished by its particular facts from the instant case. In this case the proffered amendment to the petition, either by itself or together with the original petition, did not set forth any facts amounting to duress in a legal sense, and was properly disallowed. The petition was fatally defective, and the court did not err in dismissing it on demurrer.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 15, 1929.

*Welborn B. Cody,* for plaintiff.
*Alston, Alston, Foster & Moise,* for defendant.