STRACHAN SHIPPING COMPANY *v.* MAYOR AND.ALDER-
MEN OF THE CITY OF SAVANNAH.

No. 6917.   MARCH 14, 1929.

*E. B. Weatherly* and *Lawrence & Abrahams,* for plaintiff.
*John J. Bouhan* and *E. Ormonde Hunter,* for defendant.

HINES, J. (After stating the foregoing facts.)

The ruling made in the first headnote does not require elaboration or the citation of authorities to support it.

Petitioner alleges that the ordinances under which the license taxes were collected, and which it is seeking in this proceeding to recover, are unconstitutional and void, because they violate the

commerce clause of the constitution of the United States, and article 1, section 9, of said constitution, which prohibits a State or municipality from levying taxes on exports and imports. We do not pass upon these constitutional questions, for the reason that the decision of this case can be put on another ground. We are of the opinion, that, conceding ·that these ordinances were unconstitutional, and that the .taxes collected thereunder were illegal because of their unconstitutionality, petitioner fails to make out any case for the recovery back of these taxes, because under the facts stated in its petition the payments of these taxes were not compulsory. In these circumstances this court will not undertake to pass upon the constitutional questions raised, and will rest its decision upon the ground that petitioner does not make, under the ·allegations of its petition, a case of compulsory payment of these taxes, which is necessary in order to enable it to recover them. *McGill* v. *Osborne,* 131 *Ga.* 541 (2) (62 S. E. 811) ; *Minter* v. *State,* 158 *Ga.* 127, 136 (123 S. E. 23) ; *Hoover* v. *Pate,* 162 *Ga.* 206 (2) (132 S. E. 763).

■ Were the payments of these taxes by petitioner compulsory? If they were voluntary and not compulsory, petitioner can not recover them. Payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or other fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule. Civil Code (1910), § 4317. This section states the general rule which is of force in this State since the adoption of the Code of 1895. It made its first appearance in that Code; and undertakes to state the true general rule applicable to voluntary and compulsory payments of taxes or other claims. Under this general rule payments of taxes can not be recovered, unless made under urgent and immediate necessity, or to release person or property from detention, or to prevent an immediate seizure of person or property. "Except where otherwise provided by statute, a party can not, by direct action or by way of set-off or counter-claim, recover money voluntarily paid with a full knowledge of all the facts, and

without any fraud, duress, or extortion, although no obligation to make such payment existed." 30 Cyc. 1298, VIII, A, 1. "Mere apprehension or threats of a civil proceeding to enforce a claim, unaccompanied by any act of hardship or oppression, does not render a payment in response thereto involuntary in the sense that it can be recovered back." Id. 1306, VIII, B, 2 e. Likewise, under this general rule, "money paid under an apprehension or threat of a criminal prosecution, when no warrant has been issued or proceedings begun, and there is no immediate danger, does not constitute duress so as to make the payment compulsory." Id.

To the above general rule there is an exception. Where there are demands and threats of persons clothed with governmental authority to carry them into execution by arrest and prosecution, the case stands on a different footing from demands and threats of private individuals, and money paid because thereof may generally be recovered. 30 Cyc. 1307; Morgan v. Palmer, 2 B. & C. 729, 107 Eng. Rep. (Reprint), 554; Harvey v. Olney, 42 Ill. 336; Chicago v. Waukesha &c. Co., 97 Ill. App. 583; Neumann v. La Crosse, 94 Wis. 103 (68 N. W. 654); First National Bank v. Watkins, 21 Mich. 483; Parcher v Marathon County, 52 Wis. 388 (9 N. W. 23, 38 Am. R. 745); Ruggles v. Fond du Lac, 53 Wis. 436 (10 N. W. 565); 21 R. C. L. 144, § 168. In such cases the parties do not stand upon an equal footing. Morgan v. Palmer, supra. When money is paid under an illegal demand, colore officii, the payment can never be voluntary. Steele v. Williams, 28 Exch. 625, 20 Eng. L. & Eq. 319. We followed this exception in *Dennison Manufacturing Co.* v. *Wright,* 156 *Ga.* 788 (120 S. E. 120). In that case the comptroller-general was authorized to collect the license tax, had made demand for payment thereof, and notified the party paying that he would be subject to prosecution for a misdemeanor for failure so to do, and doing business without paying the tax. In this case the petition does not allege facts which bring the case either within the general rule, or within the exception. The petition does not show that any demand, colore officii, had been made upon petitioner for the payment of these license taxes, or that any civil or criminal proceeding had been sued out against it for failure or refusal to comply with the terms of these ordinances, or that there had been any threat of civil or criminal proceedings made against it for such failure or refusal, or that there

**316**

was any urgent and immediate necessity for the payment of these taxes, or to prevent immediate seizure of person or property. In these circumstances the payments of these taxes were entirely voluntary and without compulsion. It follows that the trial judge did not err, in sustaining the demurrer to the petition and dismissing the case.    *Judgment affirmed. All the Justices concur.*