### 22348. MORRIS, guardian, *v.* FLOYD COUNTY.

JENKINS, P. J. This was a suit against a county. The petition alleged: that the plaintiff, as guardian for an incompetent disabled veteran of the World War, had paid certain county and school taxes to the tax-collector of the county on property in his hands as such guardian, consisting entirely of compensation and insurance payments, made to the plaintiff as guardian by the United States government, for the benefit of his ward as a disabled veteran, under the act of Congress of June 7, 1924; that such funds were not subject to taxation under the act of Congress referred to, and that plaintiff was entitled to recover back the taxes paid to the county. By an amendment it was alleged that the plaintiff returned such money for taxation believing the same to be subject to taxation, and acting in good faith and under a mistake of law; that the taxes were paid through a mistake of law, and were illegally received by the tax-collector, in that the property was exempt from taxation. The court sustained a demurrer to the petition, and plaintiff excepts. *Held:*

1. "Payment of taxes or other claims, made through ignorance of the law,

or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule." Civil Code (1910), § 4317; *Strachan Shipping Co. v. Savannah*, 168 *Ga.* 309 (147 S. E. 555); *Darby v. Vidalia*, 168 *Ga.* 842 (149 S. E. 223). While it is alleged in the instant case that the payment was made through a *mistake of law*, there is nothing in the petition to indicate that the taxpayer was not fully aware, at the time the payment was made, that the sum paid represented taxes on funds derived from the Federal government in compensation and insurance payments. Accordingly, the payment must necessarily have been made with knowledge of the *facts*. Ignorance of legal rights under the provisions of the Federal statute exempting the funds paid to the disabled soldier from taxation, as interpreted in *Rucker v. Merck*, 172 *Ga.* 793 (159 S. E. 501), would not authorize a suit to recover a payment, if voluntary; and since there was no allegation in the petition indicating that the payments were made "under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property," under the provision of the code section cited, the payment must be deemed a voluntary one. Thus, even though it could be assumed that the plaintiff, in seeking a refund of taxes would not be limited to the procedure outlined by section 526 of the Civil Code (1910), but that he could maintain a suit against the county on such a cause of action (Civil Code, § 384), and even though it could be further assumed that the claim against the county for taxes paid in the years 1926, 1927, 1928, 1929, and 1930 (the suit having been filed December 8, 1931), was not barred under Section 411 of the Civil Code (*Atlantic Coast Line R. Co. v. Mitchell County*, 36 *Ga. App.* 47, 135 S. E. 223), the petition shows a mere voluntary payment of taxes, and, under section 4317 of the Civil Code, the court properly sustained the demurrer.    *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED DECEMBER 8, 1932.

*John W. Bale,* for plaintiff.    *Wright & Covington,* for defendant.