27092. CHAPMAN *et al.* v. ELLIS, administrator.

DECIDED NOVEMBER 2, 1938.

*J. C. Savage, Bond Almand,* for plaintiffs.
*W. O. Slate, Thomas J. Lewis, Winsor Letton,* for defendant.

GUERRY, J. The Brotherhood of Railway Carmen of America, Local Number 354, brought suit against Frampton Ellis as administrator of the estate of S. G. Enzor, deceased, to recover $450, alleging that when S. G. Enzor died he was a member of said lodge Number 354 and was entitled to a death benefit in the sum of $450; that H. M. Enzor was named as beneficiary in the death-benefit certificate according to its records; that upon the death of S. G. Enzor it paid to the undertaker $400 for funeral expenses, which was a reasonable and necessary amount to cover the cost of interment, and subsequently paid to Telitha Enzor, who was temporary administratrix of S. G. Enzor's estate, the sum of $50, the remainder of said death-benefit certificate; that H. M. Enzor is now calling on it to pay him the amount of said benefit; that the amount paid for funeral expenses was reasonable and necessary, and the amount paid to Telitha Enzor as temporary administratrix was paid under a misapprehension. The court passed the following order: "The defendant's demurrers upon the ground of voluntary payments are sustained, and plaintiff's case is dismissed." The petition discloses that the payments were made voluntarily and with knowledge of the facts, and that no fraud or duress was practiced. Under the law as fixed by the Code, § 20-1007, and *McCarty* v. *Mobley,* 14 *Ga. App.* 225 (80 S. E. 523), there can be no recovery of the money paid as funeral expenses. The petition

alleges that said amounts were paid out under a mistaken apprehension as to the plaintiff's liability to H. M. Enzor for the amount of said benefit. We do not think this fact makes it any the less a voluntary payment. In *Smith* v. *Carter,* 44 *Ga. App.* 438 (161 S. E. 649), cited by the plaintiff, there was no decision as to the liability of the estate for the funeral expenses there paid, and no question was made or decided on that ground. It also appeared in that case that the plaintiff furnished certain burial items to the deceased. In the present case the petition alleges that the undertaker furnished the items, and that the plaintiff paid the undertaker under a mistaken apprehension about the policy or death benefit. No assignment of the undertaker's bill was taken or proceeded on. We know of no law which makes a permanent administrator liable for amounts not due to the estate, collected by a temporary administrator, especially where it is not shown that such fund came into the hands of the permanent administrator. The court did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*