## SPEED OIL COMPANY *v.* AYCOCK.

No. 12648. APRIL 12, 1939.

47

*Williams & Freeman,* for plaintiff in error.

*Wright & Covington, John Redmond,* and *Tom Willingham,* contra.

ATKINSON, Presiding Justice. ■ It is declared in the Code, § 22-1102: "Any corporation chartered by authority of this State

48

may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, if it has an office and transacts business there." It is a legislative power to declare the residence of corporations. *Davis* v. *Central Railroad & Banking Co.*, 17 *Ga.* 323; *Georgia Railroad & Banking Co.* v. *Oaks*, 52 *Ga.* 410; *Savannah, Florida & Western Railway Co.* v. *Atkinson*, 94 *Ga.* 780, 783 (21 S. E. 1010); *Gilbert* v. *Georgia Railroad & Banking Co.*, 104 *Ga.* 412, 416 (30 S. E. 673). The Code section quoted above substantially declares that for the purpose of enforcement of contracts made by corporations the residence of the corporation shall extend to and include any county in which the contract sought to be enforced "was made or is to be performed, if it has an office and transacts business there." When so construed, that section is not violative of article 6, section 16, paragraph 6, of the constitution of Georgia (Code, § 2-4306), which declares: "All other civil cases shall be tried in the county where the defendant resides." See *Merritt* v. *Cotton States Life Insurance Co.*, 55 *Ga.* 103; *Bracewell* v. *Southern Railway Co.*, 134 *Ga.* 537 (68 S. E. 98); *Jefferson Fire Insurance Co.* v. *Brackin*, 140 *Ga.* 637 (79 S. E. 467); *Central Georgia Power Co.* v. *Stubbs*, 141 *Ga.* 172 (80 S. E. 636); *Citizens & Southern Bank* v. *Taggart*, 164 *Ga.* 351 (138 S. E. 898); *Tennessee Coach Co.* v. *Snelling*, 51 *Ga. App.* 432 (180 S. E. 741); *Nalley* v. *Moore*, 51 *Ga. App.* 718 (181 S. E. 429); *Martin & Thompson Inc.* v. *Allen*, 188 *Ga.* 42 (2 S. E. 2d, 668). The decision in *Youmans* v. *Hickman*, 179 *Ga.* 684 (177 S. E. 238), recognizes the foregoing principles, but reaches a different result as applied to a person other than a corporation.

■ In the Code, § 20-1007, it is declared: "Payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule." If Aycock, being agent at a filling-station of an oil company, while engaged in his duties was "held up" and robbed of $125 of the company's money by unknown

bandits, and promptly reported the robbery to the police and to another agent who was acting as a supervisor for the company; and if such supervisor instructed him to replace the stolen money, and that as soon as the matter could be investigated the company would reimburse him; and if Aycock borrowed money and replaced the sum, the company could not, in virtue of the above-quoted Code section, retain the money and refuse to investigate the robbery and reimburse Aycock if he was found not at fault. *Sheppard* v. *Lang,* 122 *Ga.* 607 (50 S. E. 371). The facts of the instant case differ from those in *Strachan* v. *Savannah,* 168 *Ga.* 309 (3) (147 S. E. 555), *Daniel* v. *Richardson, 39 Ga. App.* 121 (146 S. E. 505), *Lynch* v. *Ford,* 42 *Ga. App.* 432 (156 S. E. 905), and *Chapman* v. *Ellis,* 58 *Ga. App.* 614 (199 S. E. 650), which did not involve an agreement to reimburse. The case also differs from *Puckett* v. *Roquemore,* 55 *Ga.* 235, in that the plaintiff was not charged with a crime, as in that case; and further there was an agreement to investigate and reimburse if the plaintiff was found not to be at fault, while there was no such agreement in the case mentioned.

■ The petition as amended alleged a cause of action for the item of $125, and for the alleged balance due on the plaintiff's salary. The court did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur.*